EDWARD WOODRING, APPELLEE, V. COMMERCIAL CASUALTY
INSURANCE COMPANY, APPELLANT.

FILED MARCH 11, 1932. NO. 28039.

*Harry W. Shackelford,* for appellant.

*J. J. Krajicek, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

WRIGHT, District Judge.

This is an action brought by Edward Woodring, appellee, hereinafter referred to as plaintiff, against Commercial Casualty Insurance Company, of Newark, New Jersey, a corporation, appellant, hereinafter referred to as defendant, on an automobile accident insurance policy issued by the defendant. In the district court, at the conclusion of all the testimony, both plaintiff and defendant moved for a directed verdict. Thereupon, the court discharged the jury and entered judgment for plaintiff, from which defendant has appealed.

Under date of January 9, 1929, the defendant issued to plaintiff its "Superior Automobile Accident Policy," whereby it undertook, in consideration of the premium to it

paid, to insure the plaintiff for a stipulated term against loss or disability resulting directly and independently from bodily injuries effected solely through external, violent and accidental means while operating, driving, riding in, demonstrating, adjusting or cranking an automobile. The policy contained, however, the express provision: "This policy does not cover: (1) Any loss, fatal or otherwise, suffered by a hired operator."

The plaintiff, at the time he took the policy, gave his occupation as that of a "salesman." At that time he was employed in that capacity for a mineral springs company, and later was employed by Tall-One Bottling Company, selling its soft drinks. The president and manager of this company testified that his duties were selling soft drinks; "Going from customer to customer and soliciting business, and selling right off of the truck," the truck being furnished by the employer; that he was working for a salary of $15 a week, plus commissions. The plaintiff testified that on the day of the accident which caused his disability he was driving to Plattsmouth with his employer's truck partially loaded, to sell and deliver the bottled goods; that he was hired to sell and deliver his company's products; that his work did not always consist of delivering; "It was selling wherever I could, and if I had the goods, to deliver them. I took the orders." "I solicited new customers. That was the object in going to Plattsmouth." He had made one trip to Plattsmouth before to sell goods and had one customer and he had planned to make regular trips down there about once a week as he worked up trade enough to justify. On the day of the accident he was going down to call on this customer and also to see if he could work up some new trade. We think the evidence fairly establishes that his occupation was that of a "salesman" and that much of the time he took the merchandise with him and delivered as he sold. As an incident to the business he drove the automobile or truck on which he received his injury.

The defendant contends that the plaintiff was a "hired operator" of the truck he was driving and therefore the injury he suffered was not covered by the policy. This is the only question presented for our determination. The plaintiff insists that the term "hired operator" as used in the policy means a chauffeur or one who is paid for his skill in the operation of an automobile, and that under his employment he did not come within that class.

It has long been the rule of this court, consistently followed, that "Courts will construe policies of insurance more strongly against the party by whom the contract has been drafted, and who has had the time and opportunity to select, with care and ingenuity, and with a view to its own interests, the language in which the contract is couched." *Connecticut Fire Ins. Co. v. Jeary*, 60 Neb. 338. See *Haas v. Mutual Life Ins. Co.*, 84 Neb. 682; *Coad v. London Assurance Corporation*, 119 Neb. 188.

Under the facts here presented, we are not inclined to hold that where, as an incident in carrying on his occupation of selling merchandise for his employer, the plaintiff was required to or did drive the automobile or truck, he should therefore be classed as a "hired driver" within the meaning of the policy. We know of no instance where the term "hired driver" has been defined when used, as in the present case. The term "chauffeur" has been defined as "A man who drives an automobile for hire." 11 C. J. 746. And, again, as "One who manages the running of an automobile, especially the paid operator of a motor vehicle." Webster's International Dictionary.

In *People v. Dennis*, 166 N. Y. Supp. 318, the defendant was convicted of violating a statute providing that no person shall operate or drive a motor vehicle as chauffeur upon a public highway of this state unless such person shall have complied with the statutes. The defendant was an employee of a telephone company and his duties required him to drive an automobile in servicing the telephones of his employer's patrons. The employer furnished him a "Ford runabout" which he used for that

purpose. Naylon, Judge, speaking for the court in determining that the defendant did not come under the definition of a chauffeur as used in the statute, said: "I am unconvinced, by any legal definition or authority to which my attention has been directed, that the term 'chauffeur,' as employed in the law in question, is sufficiently comprehensive to include within its provisions a person whose only duty of driving a motor car is to convey himself and the tools and implements and materials that are necessary for him to use in the doing of his work to the place where he is called upon to perform such work. The only use he made of the motor car was merely incidental to his regular employment. His duties were principally and substantially those of repairing telephones that were out of order."

The Texas court of criminal appeals in *Matthews v. State,* 85 Tex. Cr. Rep. 469, in construing the statute of that state providing that no person shall employ for hire as a chauffeur of a motor vehicle any person not licensed as in the act provided, said: "Section 25 of said Act provides that 'An application for a license to operate a motor vehicle as a chauffeur (and by "chauffeur" is meant any person whose business or occupation is that he operates a motor vehicle for compensation, wages or hire),' etc. This definition as well as the provisions of this Act seem to apply to those who are known as chauffeurs and who operate motor vehicles as such chauffeur for compensation, wages or hire. This is a legislative definition, and by this the court should be governed. It would seem from reading the definition of 'chauffeur' that in order to bring him within that class he must operate the motor vehicle as such for compensation, wages or hire, and it would further seem this would apply directly to the fact or relation of driver of the vehicle for compensation, wages or hire, and would seem to exclude the idea that the vehicle was used as an incident to carry on the business." And further says: "So it would seem from a reading of the Texas statute, viewed in the light of the

general acceptation of the term 'chauffeur,' that where a license is required of the chauffeur for hire or wages, it has a direct relation to his employment to run the vehicle itself for hire and not as an incident to the delivery of the goods, wares and merchandise of his employer. The employment in the latter case is to take orders and deliver the goods, not to run the auto, the auto being used as an incident for the purpose of soliciting orders and delivery of the goods. The chauffeur as contemplated by the statute has a direct relation to the hire for operating the vehicle, while in soliciting and delivering goods it is an incident to his employment as a means of carrying on the business for which he receives no direct pay, as in this case."

The policy in the present case beyond question insures the plaintiff against loss from injury sustained while driving or riding in an automobile, and we are not willing to say that the mere fact that he was driving such automobile as an incident to his employment, for which he was receiving compensation, would bring him within the class of "hired drivers" so as to relieve the defendant from liability.

The judgment of the district court is affirmed, with an allowance of $100 for attorney's fee, to be taxed as costs in this court.

AFFIRMED.