### 23622. Ætna Life Insurance Company v. Stewart.

Stephens, J. 1. A provision in an accident policy that the policy does not cover accident, injury, or disability caused "while operating [or] driving . . an automobile for wage, compensation or profit," has reference to the driving or operation of an automobile only where the operator receives wage, compensation, or profit for the act of operating or driving the automobile. It has no reference to a situation where a person operating the automobile receives no wage, compensation, or profit for the operation of the automobile as such, but where the wage, compensation, or profit inures from the performance of the duties of his occupation or employment, which includes the performance of duties other than the operation of the automobile and in which the operation of the automobile is only incidental, as a means used in the performance of these duties. Woodring v. Commercial Casualty Ins. Co., 122 Neb. 734 (241 N. W. 285).

2. Where it is alleged in the petition, in a suit against an insurance company by the insured, to recover on a policy of accident insurance, that the plaintiff's disability resulted from an injury to his hand caused from the overturning of an automobile when he was operating it on a public road while engaged in the performance of his duties as a prohibition agent for the government of the United States, for the performance of which duties he was paid a fixed amount per month, where the duties consisted in the apprehension of violators of the prohibition law, including the making of arrests, destroying property illegally used, obtaining evidence and furnishing it to the courts, that in the pursuit of these duties he rode in automobiles that were sometimes driven by others and sometimes by himself, the automobiles used in some cases belonging to private parties, and the expense of operating them was paid for by the United States government, that at the time of his injury he was riding in and driving an automobile owned and furnished by the United States government, which paid the expenses of its upkeep, and furnished the gas and oil used in its operation, that he received no extra compensation for the operation of the automobile, that in the performance of his duties he used an automobile less than half of his official time, and that during the remainder of his time he used other conveyances, such as railroad trains, it does not appear from the petition that the injury arose from an accident caused while the plaintiff was engaged in operating or driving the automobile for wage, compensation, or profit, as provided in the policy.

3. Under a policy which provides indemnity for an injury resulting from an accident which "shall wholly and continuously disable the insured from date of accident, and prevent him from performing any and every duty pertaining to his occupation," as was held in Cato v. Ætna Life Ins. Co., 164 Ga. 392 (138 S. E. 787), "a case of total disability is presented, al-

though he is still able to perform some parts of his work," when he "is incapacitated from performing any substantial part of his ordinary duties," and 'is unable "to do substantially all the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner," and is "wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living."

4. In a suit by the insured, to recover against the insurer, indemnity for an alleged total disability, under a policy in which the total disability insured against is as above indicated, where from the evidence it appeared that the insured, when the policy was issued and at the time of the accident, was engaged in the business of a prohibition investigator, whose duties required him to investigate violations of the prohibition law, including investigations of the making, selling, and transportation of whisky, to destroy stills, to make arrests, to travel from place to place by riding in vehicles, and at times operating and running an automobile, doing much walking, to confer with witnesses, to obtain testimony, to report his acts to his superior officer, to attend court and to testify, and where from the evidence it further appeared that in an accident received from the overturning of an automobile in which he was riding, his left hand was severely injured by being mashed and the fingers broken, and as a result of the accident and his inability to use his hand, and from the severe pain suffered, he was incapacitated from operating an automobile, destroying stills, making arrests, doing the necessary walking required, although he could perform the duties of taking out warrants, talking with superior officers, testifying in court, making reports, and riding in an automobile operated by another, and did ride in an automobile accompanying another prohibition agent while the latter was going about in the discharge of the duties of the office, but did so only on the advice of his physician, and with the permission of his superior officer, for the purpose of his health, and that while on these trips he performed only the duties of making reports to his superior officer, the jury was authorized to find that as a result of the accident he was incapacitated from performing a substantial part of his ordinary duties and from doing substantially all the material acts necessary to the performance of the duties of his occupation in substantially his customary and usual manner, and from pursuing the usual and customary duties of his employment on which he depended for a living, and had been totally disabled and was entitled to compensation for disability under the terms of the policy.

5. It is usually a question for the jury whether an insurance company, in refusing to pay a loss, acted in bad faith. Where a policy providing for indemnity for a disability resulting from an accident which prevents the insured from performing the duties of his occupation or business is issued to a person known to the company as being a prohibition agent, and whose duties require him to ride in an automobile, and the company fails and refuses to pay a claim for indemnity arising out of an accident to the insured, caused while he was operating an automobile in the performance of his duties as prohibition agent, upon the ground that the policy contains an exemption from liability for disability caused

"while operating [or] driving . . an automobile for wage, compensation, or profit," and that the insured, while operating the automobile in the performance of his duties of prohibition officer, receives therefor compensation or profit, and is not entitled to recover under the policy, it is a question for the jury whether the company's refusal to pay the loss was in bad faith. Civil Code (1910), § 2549. *Cotton States Life Ins. Co.* v. *Edwards*, 74 *Ga.* 220 (4); *Central Manufacturers Mutual Ins. Co.* v. *Graham*, 24 *Ga. App.* 199 (99 S. E. 434).

6. The defendant, not having pleaded as a defense the plaintiff's alleged violation of the law in the operation of the automobile, and no such issue having been submitted to the jury, can not, assuming that under the evidence this defense is established as a matter of law, obtain a reversal of a judgment for the plaintiff. *Hood* v. *Mayor &c. of Griffin*, 113 *Ga.* 190 (38 S. E. 409); *Zeigler* v. *Perry*, 37 *Ga. App.* 647 (141 S. E. 426); *Pilgrim Health & Life Ins. Co.* v. *Jenkins*, 47 *Ga. App.* 441 (4) (170 S. E. 687). *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 27, 1934.

*Leonard Farkas, Walter H. Burt,* for plaintiff in error.
*Bennet & Peacock,* contra.