## 25207. WHITEHALL CHEVROLET COMPANY *v.* ANDERSON.

DECIDED APRIL 27, 1936.   REHEARING DENIED JUNE 8, 1936.

*John M. Slaton, Sidney Smith,* for plaintiff in error.

*Ralph G. Sims, George & John L. Westmoreland, Alexander Bush,* contra.

SUTTON, J.   The plaintiff was injured when the automobile in which she was riding collided with the automobile of Joe Jacobs. The plaintiff brought suit against the Whitehall Chevrolet Company and Jacobs, alleging that Atkins, driver of the automobile in which she was riding, and who was an automobile salesman of

the defendant company, was grossly negligent in the operation thereof, and that the same was being driven by him at the time as the agent and employee of the defendant company. The jury returned a verdict in favor of the plaintiff against the defendant company, but not against Jacobs. From the evidence it appears that Atkins had been working for the Whitehall Chevrolet Company in the capacity of a salesman for new and used automobiles; that he procured from a man on the street the plaintiff's name as a prospect, and called at plaintiff's home and informed her that he was an automobile salesman and understood that she was in the market for the purchase of a car, and Atkins and the plaintiff discussed the purchase of a car by the plaintiff; that some days later, the day of the accident, Atkins called on the plaintiff in response to an appointment previously made, and was late; whereupon the plaintiff told Atkins that she had to go to some other place in the city, and at the request of Atkins got in his car and he drove her where she wanted to go. The plaintiff told Atkins she had no money at that time with which to purchase a new automobile, and Atkins told her that he could sell her a good used car. While Atkins was thus riding the plaintiff around where she wanted to go, he discussed with her the qualities of the Chevrolet automobile. Atkins was driving his own Ford automobile on this occasion, with the knowledge and consent of the Whitehall Chevrolet Company. Atkins had the permission of this defendant to use his own automobile "not as a demonstrator car, but to get prospects." When Atkins procured a prospect he would determine what class of automobile such prospect wanted to purchase; and if a demonstration was necessary, Atkins would take the prospect out to the Whitehall Chevrolet Company, "or get a used car as a demonstrating car and take it out and demonstrate it. The defendant company furnished Atkins two gallons of gasoline a day and the necessary motor-oil to use in his own car. Atkins was a commission salesman in the new-car department of the company, working under the sales manager. Atkins could not demonstrate a new car with his own Ford, and had to go to the place of business of the company and get permission from the sales manager or the general manager to take out a specific car to demonstrate it. Atkins was at liberty to go where he pleased within the local limits of "Greater Atlanta," the defendant not being permitted to solicit

business outside of the city. Atkins's duty was to get prospects and to sell new Chevrolet automobiles. In soliciting prospects he could go anywhere in Atlanta and pick up any prospect he wanted to. He was not working on any salary "or anything of that sort;" "if he wanted to pick up a lady and take her to ride while they were talking about Chevrolets or anything else, he could do it any time he wanted to; he could go and come as he pleased into the Chevrolet Company out there." When Atkins sold an automobile he got a commission, this being his only compensation from the defendant company. It was essential in the conduct of the defendant's business that it have salesmen to get prospects to carry on the business of selling automobiles. The company had regular sales meetings in the mornings at the office, and all salesmen were generally required to be there. It appeared that when the plaintiff had called on all the places she wanted to, while riding with Atkins in his car, she started to take a trolley-car to go home. Atkins told her that he wanted to take her in his car, and it was while she was thus riding to her home with Atkins that the collision occurred, resulting in her injury for which she sued. The defendant company's motion for new trial was overruled, and it excepted.

■ The principle of law that a master or employer is liable for a tort committed by his servant or employee about the master's business or within the course of the employee's employment (Code of 1933, §§ 105-108, 4-311) is not applicable in a case where the relation between the parties is that of principal or employer and independent contractor. *Quinan* v. *Standard Fuel Co.*, 25 *Ga. App.* 47 (102 S. E. 543); *Wooley* v. *Doby*, 19 *Ga. App.* 799 (92 S. E. 295); *Cooper* v. *Dixie Construction Co.*, 45 *Ga. App.* 420 (165 S. E. 152). Where a motor-vehicle is owned and operated by an independent contractor, his employer is not liable for an injury occasioned by his negligence, 42 C. J. 1129, § 902; contra where the relation of master and servant exists, and the servant's car is being used with consent of the master about his business. Id. 1128, § 900. The ordinary tests are applied to determine whether the relation is that of a servant or independent contractor. "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the em-

ployer." Code of 1933, § 105-501. The test to be applied in determining this relationship lies in whether the contract of employment gives the employer the right to control the time and manner of executing the work, or he interferes and assumes such control, as distinguished from the right merely to require results in conformity to the contract. If the manner in which the details of the work of selling the defendant's automobiles are to be executed is left to the salesman, and the employer is interested only in the result of the salesman's work, the salesman is an independent contractor. See *Cooper* v. *Dixie Construction Co.,* supra; *Swift* v. *Alston,* 48 *Ga. App.* 649 (173 S. E. 741).

■ Therefore an automobile salesman employed on a commission basis, who owns and operates his own automobile to assist him in carrying on his employment, and whose movements are in no way controlled by his employer, the automobile company, except that he is not permitted to solicit the sale of automobiles outside of the territory in which the company is allowed to sell automobiles, is, with respect to the operation of his car, an independent contractor; so that his employer is not answerable in damages for an injury caused by his negligent operation of the car, even though the employer furnishes to him daily two gallons of gasoline and the necessary motor-oil to use in his automobile, and the salesman is required to attend a sales meeting at the office of the company each morning, his time thereafter being his own to use as he pleases, and even though at the time of the plaintiff's injury she was riding in the automobile of the salesman, at his request, and he was talking automobiles to her in an effort to sell her an automobile of the defendant company. See *Simril* v. *Davis,* 42 *Ga. App.* 277 (155 S. E. 790) ; Aldrich v. Tyler Grocery Co., 206 Ala. 138 (89 So. 289, 17 A. L. R. 617) ; Dishman v. Whitney, 121 Wash. 157 (209 Pac. 12, 29 A. L. R. 460) ; James v. Tobin-Sutton Co., 182 Wis. 36 (195 N. W. 848, 29 A. L. R. 457) ; Barton v. Studebaker Cor., 46 Cal. App. 707 (189 Pac. 1025) ; Premier Motor Mfg. Co. v. Tilford, 61 Ind. App. 164 (111 N. E. 645) ; Dohner v. Winfield Wholesale Grocery Co., 116 Kan. 237 (226 Pac. 767) ; Potchasky v. Marshall, 211 App. Div. 236 (207 N. Y. Supp. 562) ; Kassella v. Hoseth, 217 Wis. 115 (258 N. W. 340) ; McCraner v. Nunn, 129 Kan. 802 (284 Pac. 603) ; Thurman v. Culberson (Tex. Civ. App.), 22 S. W. (2d) 525 ; McCarthy v. Souther,

83 N. H. 29 (137 Atl. 445) ; Pyyny *v.* Loose-Wiles Biscuit Co., 253 Mass. 574 (149 N. E. 541) ; Note 54 A. L. R. 627; 42 C. J. 1114, 1129, §§ 872, 902.

■ Therefore, under the evidence in this case, the plaintiff was not entitled to recover against the Whitehall Chevrolet Company on account of the alleged negligence of its salesman by which the plaintiff was injured, it appearing that he was an independent contractor, and not a mere employee or servant of the company. The verdict in the plaintiff's favor against this defendant was contrary to the law and the evidence, and the judge erred in overruling the motion for new trial filed by this defendant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*