### 31713. GLENS FALLS INDEMNITY COMPANY *v.* GOTTLIEB.

DECIDED OCTOBER 9, 1947. REHEARING DENIED OCTOBER 30, 1947.

72

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Edwin L. Sterne,* contra.

SUTTON, C. J. (After stating the foregoing facts.) 1. The defendant contends in grounds 10 and 11 of its demurrer that the petition failed to set out a cause of action and showed on its face that the plaintiff was not entitled to recover. The fidelity bond executed by the defendant company to the plaintiff obligated the defendant to pay to the plaintiff such pecuniary

loss, not exceeding $5000, as the plaintiff might sustain by any act or acts of larceny or embezzlement committed by plaintiff's employee, William Ross Bass, in his capacity as salesman while the bond was in force. The petition alleged that this employee, as a part of his duties as a salesman for the plaintiff, while the bond was in force, collected $7,264.50 from customers of the plaintiff as deposits on beer bottles furnished them, or that he was short 9,686 cases of bottles on which the deposits would have been $7,264.50, and that the employee had failed to account to the plaintiff for this money but had converted it to his own personal use. The petition alleged a compliance with the provisions of the bond with respect to notice and proof of loss. Under the allegations of the petition, a cause of action was clearly stated, unless the allegations negative the right of the plaintiff to recover.

One of the provisions of the contract sued on provided, that if the plaintiff, without previous notice to and consent in writing of the defendant, did any act whereby the liability of the employee to him was changed in any material respect, the bond should be null and void as to such employee. The defendant contends that the allegations of the petition show that the plaintiff, after the execution of the bond sued on, increased the risk and changed the liability of the employee to him without the defendant's knowledge or consent and that there was a novation in the contract of employment of such employee and that, by reason thereof, the defendant company was released from all liability on such bond. The term "salesman" is a general term and is sufficiently broad to cover an employee charged with all the duties performed by the defalcating employee as alleged in the petition. Under a proper construction, the allegations of the petition do not show any material change or increase in the risk of the employee to the plaintiff between the issuance of the bond and his discharge, nor do the allegations of the petition show a novation in his contract of employment. The allegations of the petition show that, at the time the bond sued on was issued, the employee was a salesman for the plaintiff and that one Teate was plaintiff's manager, and that at the time of the employee's discharge he was still employed as a salesman for the plaintiff and that Teate was still manager for the plain-

tiff, and was one of the employees of the plaintiff who discovered that the salesman Bass was misappropriating money or property of the plaintiff. It does not appear from the allegations of the petition that the plaintiff changed the employment or increased the liability of the employee to him after the bond was issued and before the employee was discharged for the acts of larceny or embezzlement which form the basis of the present action.

Under the allegations of the petition a cause of action was alleged and nothing is alleged to show why the plaintiff should not recover, and the trial judge did not err in overruling the general grounds of the defendant's demurrer.

2. In special grounds 1, 2, 4b, 6 and 9 of the demurrer, the defendant contends that certain paragraphs of the petition should be stricken or amended for failure to allege that the contract sued on limited the liability of the defendant to larcenies or embezzlements of the employee in his position as salesman and to specify what portions of the larcenies or embezzlements were committed by the employee in his position as a salesman for the plaintiff. These grounds of demurrer are without merit. The petition alleged that one of the duties of the employee as a salesman for the plaintiff was to sell and deliver cases of beer to the plaintiff's customers and to collect for the beer and also to collect a case of empty bottles or a cash deposit of 75¢ for each case of beer sold and delivered and that the principal sum sued for arose by reason of the failure of the employee to account for these cash deposits, which he converted to his own personal use. Under the allegations of the petition, the entire amount sued for arose from larcenies or embezzlements committed by the employee in his position as salesman for the plaintiff, and it is not necessary to decide whether or not the bond would cover larcenies or embezzlements committed by this employee in any other capacity than that of salesman. The court did not err in overruling these grounds of special demurrer.

3. In special ground 3 of the demurrer, one of the paragraphs of the petition was attacked on the ground that it failed to specify the amounts, times, or the circumstances under which the money was alleged to have been taken by the employee. The petition alleged that the employee, between April 3, 1944 and January 26, 1946, unlawfully converted to his own use a

portion of the money collected by him as deposits on the bottles of the plaintiff delivered to his customers and that the amount of this shortage was only ascertained after an audit was made of the account, and amounted to $7,264.50. While a plaintiff is required to set out his cause of action "plainly, fully, and distinctly" (Code, § 81-101), in order that the defendant may, without difficulty, understand the nature of the plaintiff's demand and make preparation to meet it, this requirement is to be liberally construed and a plaintiff is not required to allege impossible particulars or unnecessary details. It is sufficient if the petition alleges enough to inform the defendant of the grounds of the plaintiff's action, to enable the court to declare distinctly the law of the case, and to enable the jury to find an intelligible and complete verdict. *Watts* v. *Rich*, 49 *Ga. App.* 334 (175 S. E. 417), and citations. The allegations of the petition that the misappropriation occurred between April 3, 1944, and January 26, 1946, were sufficiently specific as against the special demurrer that the time of the misappropriation was not given. *Ellis* v. *Pullman & Co.*, 95 *Ga.* 445 (3) (22 S. E. 568). Reasonable certainty as to essential allegations of a petition is sufficient to withstand a special demurrer, and the court did not err in overruling ground 3 of the special demurrer.

4. Complaint was made in ground 4c of the special demurrer that it was not alleged that the empty bottles were of the value of 75¢ per case or that the plaintiff could not have replaced them on the market for a less sum than that sued for. There is no merit in this ground of special demurrer. A proper construction of the petition is that the employee delivered 9,686 cases of beer to plaintiff's customers for which he received the sum of $7,264.50 as deposits on the plaintiff's bottles, and that he converted this money to his own personal use. Moreover, if the customers of the plaintiff return the empty bottles to the plaintiff, he will be forced to reimburse them the amount deposited, or $7,264.50. The court did not err in overruling ground 3c of the demurrer.

5. In grounds 7 and 8 of the demurrer, the defendant contends that the allegations of the petition are insufficient to show bad faith on the part of the defendant to authorize the recovery of damages and attorney's fees. This was an action upon a

fidelity bond, and the general principles of law governing the older forms of insurance, such as fire, life, and marine, are applicable to this form of insurance. *John Church Co.* v. *Ætna Indemity Co.*, 13 *Ga. App.* 826, 831 (80 S. E. 1093). "The several insurance companies of this State and foreign insurance companies doing business in this State in all cases when a loss shall occur and they shall refuse to pay the same within 60 days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than 25 percent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company: Provided, it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith." Code, § 56-706. Bad faith in refusing to pay a claim within 60 days after demand is a fact to be proved in order to recover the penalty and attorney's fees provided by the Code, § 56-706. In a suit on an insurance contract, if definite facts are well pleaded which in law make a case of liability against the insurer and disclose a duty to pay the amount claimed, by allegations of compliance with preliminary requirements, such as furnishing proof of loss to the insurer, and if it is further alleged that on timely demand by the insured, the insurer within 60 days thereafter refused to compensate for the loss sustained to the extent of liability fixed by the policy, the pleader may allege that the refusal was in bad faith, and that the defendant is therefore subject to a penalty, as provided for by law, without subjecting his allegation to the complaint, by special demurrer, that it is a mere conclusion of the pleader. *North British &c. Ins. Co.* v. *Parnell*, 53 *Ga. App.* 178, 182 (185 S. E. 122). "It is usually a question for the jury whether an insurance company, in refusing to pay a loss, acted in bad faith." *Ætna Life Ins. Co.* v. *Stewart*, 49 *Ga. App.* 786 (5) (176 S. E. 777). Also, see *American Casualty Co.* v. *Callaway*, 75 *Ga. App.* 76 (44 S. E. 2d, 400), and citations. The court did not err in overruling grounds 7 and 8 of the demurrer.

6. In paragraphs 23 and 24 of the petition, the plaintiff alleged that its auditor checked the account of the employee and ascertained that the shortage was 9,686 cases of empty bottles,

the deposits on which at 75¢ per case amounted to $7,264.50, and that the defendant had its own auditor check this audit, and that he found it was correct. While ordinarily allegations of what plaintiff's evidence will show are subject to special demurrer (*Phipps Lumber Co.* v. *Albany Hardware &c. Supply Co.*, 42 *Ga. App.* 820, 157 S. E. 702), under the facts of this case, where one of the issues is whether or not the defendant acted in bad faith in refusing to pay plaintiff's demand, the fact that the defendant's auditor checked an audit of the account made by the plaintiff's auditor and found it to be correct might be relevant and material. The judge did not err in overruling grounds 4 and 5 of the defendant's demurrer.

7. The petition set out a cause of action and was not subject to the demurrers urged against it, and the trial judge did not err in overruling the defendant's demurrer.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, page 232, Code, Ann. § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, Parker, and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The bond in this case guarantees the fidelity of the employee in the specific capacity as salesman. As a practical matter it was of vital importance to the Indemnity Company whether the employee was only a salesman or whether he had a greater opportunity for embezzlement or wrongdoing in some other capacity. If he were merely a salesman, his chances for stealing the money he received in lieu of the empty bottles were reduced to a minimum and his improper conduct would have been detected the first time he failed to turn in the money received. Thus the company's liability was reduced to a minimum. On the other hand, as warehouseman his opportunity for stealing was greatly increased because he could conceal his acts by padding the bottle inventory as warehouseman. It is inescapably true, to my mind, that the theft was committed in the capacity of warehouseman. There is no allegation that the money was spent or disposed of by the employee before he got back to the warehouse on the day of receipt. If he carried

the money to the warehouse with him, since he as salesman reported to himself as warehouseman, he must be said to have received as warehouseman from himself as salesman the money received in lieu of bottles. The money thus far was still in the custody of the employer. The vital act was committed as warehouseman because of the ability to falsify the inventory which concealed the theft temporarily but over a period of time. The most that can be said with reference to the time when the employee was acting as salesman is that he may have at that time planned to steal the money. The duties as warehouseman are not a part of or incident to the duties of a salesman as are the duties of delivering merchandise and collecting for it, etc. In the absence of facts showing some reason why the Indemnity Company is estopped to deny the claim, I think that the general demurrer should have been sustained.