## A95A1516. SCOTT v. McDONALD et al.
(463 SE2d 379)

ANDREWS, Judge.

This case is before us on appeal from the trial court's order granting summary judgment to John E. McDonald. The issue on appeal is whether the trial court erred in finding that no agency relationship existed between Bobby Ray McDonald and John McDonald because Bobby Ray was an independent contractor. We affirm the order of the trial court.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Emphasis omitted.) *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

Viewing all the evidence in the light most favorable to the plaintiff, the record shows that on October 10, 1992, Scott was coming out of John's Country Junction, a store owned by John McDonald, when he was struck on the ear by a rock thrown from under a lawn mower operated by Bobby Ray McDonald. Scott filed suit on October 11, 1993 against both Bobby Ray and John McDonald, alleging that they were jointly and severally liable because Bobby Ray was acting as John's agent when the incident occurred. John claimed that Bobby Ray was not an employee but an independent contractor.

Bobby Ray and John had an oral contract under which Bobby Ray would cut the grass around John's store and residence for $350 a month. Bobby Ray said that John instructed him to cut the grass as low as possible and weed around the railroad ties and shrubs. While Bobby Ray stated that he considered himself an employee of John McDonald, he also stated that he had several other customers for whom he did yard work and that he used and maintained his own equipment.

OCGA § 51-2-4 provides "[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." "An employer-employee relationship exists when the employment agreement gives, or the employer assumes, the right to control the time and manner of executing the work. In an employer-independent contractor relationship, the employer has the right merely to require results in conformity with the employment agreement, and the independent contractor retains the right to perform the work by his own means, method and manner." (Citation omitted.) *McDaniel v. Peterborough Cablevision*, 206 Ga. App. 437, 438 (425 SE2d 424) (1992). " 'If one is employed generally to perform certain services it may be inferable that the employer retained the right to control the manner, method and means for performance of the contract. However, where there is a specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the right of control was not retained and an independent contractor relation existed.' " *N. S. Co. v. Cincinnati Ins. Co.*, 203 Ga. App. 347, 348 (416 SE2d 859) (1992).

In this case, it is clear that Bobby Ray was an independent contractor and not John McDonald's employee. This was a specific contract to cut the grass around John McDonald's store and house for the sum of $350 per month. John McDonald had the right to require results in conformity with the employment agreement, i.e., that Bobby Ray would cut the grass as low as possible and weed around the railroad ties and the shrubs. Bobby Ray decided what day and time and in what manner he would cut the grass and weed. This was clearly a specific contract to do certain work for a stipulated sum. *N. S. Co.*, supra.

For the reasons discussed above, we find that Bobby Ray McDonald was an independent contractor and not an employee of John McDonald.[1] Accordingly, the trial court did not err in granting summary judgment to John McDonald.

---

[1] While there are circumstances in which an employer can be liable for the negligence of an independent contractor under OCGA § 51-2-5, none of those circumstances is present in this case.

*Judgment affirmed. Blackburn, J., concurs. McMurray, P. J., concurs in the judgment only.*

Decided October 25, 1995.

*Newton, Smith, Durden, Kaufold & Rice, William R. Rice,* for appellant.

*Andrew, Threlkeld & Thompson, Reid A. Threlkeld,* for appellees.