### 791.  BUNN *et al. v.* HARGRAVES.

1. There was no error in allowing an amendment to the petition of the plaintiff, alleging liability of the same defendants to the same plaintiff for the commissions growing out of the same transaction and referring to the same contract, but varying the statement of some of the stipulations of the contract.
2. The instructions in the charge of the court to which exceptions are taken state the contentions and issues in the case. If, therefore, more specific instructions were desired, they should have been requested.
3. The newly discovered evidence is merely cumulative and impeaching. It therefore affords no ground for a new trial.
4. This court has no power to determine that the preponderance of the evidence is in favor of one party to a cause rather than the other, or to award a new trial in any case where there is any evidence sufficient to support the verdict rendered.

Complaint, from city court of Waycross—Judge Myers. September 20, 1907.

Submitted December 18, 1907.—Decided January 29, 1908.

*Leon A. Wilson,* for plaintiffs in error.

*John C. McDonald, Bennet & Lambdin,* contra.

RUSSELL, J.  J. A. Hargraves, the defendant in error, brought suit in the city court of Waycross against J. R. & T. Bunn, the plaintiffs in error, for a balance of $500, alleged to be due as commission for securing certain options on sawmill timber, as

set out in the petition. The trial resulted in a verdict in his behalf; a motion for a new trial, made by the plaintiffs in error, was overruled, and they have brought this writ of error to review that judgment.

In his original petition Hargraves alleged that the plaintiffs in error contracted to pay him $1,000 as commission for his services in securing an option on the sawmill and timber of one Strickland, and also on the timber of one Lowther. In an amendment, which was allowed by the court on the trial of the case, Hargraves set up another term of the said contract made between him and the plaintiffs in error for his services, which term had been omitted from the original petition. The evidence on behalf of the plaintiff in the court below (which was believed by the jury, as shown by their verdict) showed as follows: The plaintiffs in error were sawmillmen and wanted to buy a tract of some 11,000 acres of timber from one Lowther, and the sawmill and timber holdings of one Strickland, and they got Hargraves to negotiate these deals for them. Hargraves stated to them that the Lowther property was held at $18,000, and the Strickland property at $20,000. The plaintiffs in error were not willing to pay these sums. They stated that they were willing to invest $35,000 in the two properties, including the commission of Hargraves. They agreed that if Hargraves would buy the Lowther property for $14,000, and get a written agreement from Strickland to sell for not over $19,500, they would pay him as his commission $1,000, and also his expenses. Hargraves accepted, but stated that he had no idea that he could buy from Strickland for less than $20,000, and suggested that an offer of $14,000 be submitted to Lowther for his property, so that they could give Strickland $20,000, if necessary. The plaintiffs in error agreed to this, and further agreed that if Hargraves could secure the Lowther property at $14,000, they would pay him $1,000 for that deal alone, if he got it through. Lowther was wired, and the deal was closed up with him at $14,000. Hargraves then paid Strickland $20, and secured from him, in consideration thereof, a written option on his mill and timber holdings, which is set out in the record. As far as the Strickland deal was concerned, Hargraves testified positively that all he was to do was to get a written obligation from Strickland which he

(Hargraves) should consider would hold Strickland to the trade, and .that he did ,so, and that he turned the option over to Mr. J. R. Bunn, a member of the firm, and he accepted the option and made no objection to any of its terms, and has had it in his possession ever since. Hargraves was to do nothing else about the Strickland trade, except· to get the option, and he was then entitled to his commission whether the deal was closed up or not. On the day the option expired, Mr. Bunn and Mr. Strickland got together, and Strickland stood ready to carry out his trade. Bunn offered Strickland $50 to extend the option a week longer, so that he could consider the matter further, but Strickland refused to do so, and the option expired without this deal being closed up. The .Bunns paid Hargraves $500, and the suit was brought for the balance of $500 due under the contract. The jury found a verdict in favor of the plaintiff, as above stated.

The plaintiffs in error insisted, in their motion for a new trial and in their brief, upon three points to secure a reversal of the court below: (1) that the court erred in allowing the plaintiff's amendment; (2) that the court erred in the charge as set out in the amended motion for new trial; (3) that a new trial should be granted on account of newly discovered evidence, as set out in the amended motion for a new trial. The headnotes sufficiently state the opinion of the court.        *Judgment affirmed.*