19704. METROPOLITAN LIFE INSURANCE CO. *v.* EDWARDS.

Decided October 8, 1929. Rehearing denied November 12, 1929.

*Arnold & Battle,* for plaintiff in error.

*McCutchen, Bowden & Gaggstatter, O. D. Smith,* contra.

Bloodworth, J.  James L. Edwards sued on an accident policy issued to him by the Metropolitan Life Insurance Company, seeking to recover for the alleged loss of the sight of his right eye. He alleged in part that under the terms of the policy "the defendant insured petitioner against the results of bodily injuries caused by violent and accidental means, and that, among other insurance, defendant agreed to pay for the accidental loss of an eye the sum of $1666.66;" that while the policy was in force, on May 27, 1927, in the City of Columbus he was thrown out of his car, and, "among other injuries he sustained at said time, a small flint rock about the size of a pea stuck into his right eye and completely destroyed

the sight of his said right eye." The defendant in its answer denied liability, and further pleaded that in the application of plaintiff for insurance he made false answers to questions, to wit: "19. Is your sight or hearing impaired? If so, state nature and degree of impairment. No, but wears glasses. 25. Are you now affected with any form of bodily or mental disease, disorder, infirmity, or impairment? No." These answers were alleged to be "untrue and false," in that "said false statements and answers when made were known by plaintiff to be false; that said false statements and answers were made by the plaintiff knowingly, wilfully, with intent to deceive, and in order to induce defendant to issue said policy; that defendant did not know said statements and answers were untrue and false; that said statements and answers did deceive defendant, and did cause it to issue said policy, and did constitute a fraud upon defendant." The trial resulted in a verdict for the plaintiff; the defendant's motion for a new trial was overruled, and it excepted.

■ The first headnote needs no elaboration.

■ The 3d ground of the motion alleges that the court erred in charging the jury as follows: "If, however, the party has no knowledge, but states on the representations of others, bona fide, and so informs the insurer, the falsity of the information does not void the policy." This charge is alleged to be error because "it was not applicable nor adjusted to any of the pleadings, evidence, issues, or the contentions of the parties in said case. 2d. It was confusing to the jury. 3d. It was misleading to the jury." The certificate to the bill of exceptions consists of two parts. One of these is the usual formal certificate. The other part is as follows: "In addition to the certificate attached to the bill of exceptions in the case of John L. Edwards vs. Metropolitan Life Insurance Company, I further certify an explanation of the third ground of amended motion, wherein it is complained that the judge erred in charging the latter part of Code section 2480. That during the trial of said case, and just preceding the argument thereof, Mr. Arnold, of counsel for the defendant in the court below, referred to several code sections as embodying the law applicable to his defense. Thereupon the court requested Mr. Arnold to furnish him the volume containing the code sections to which he referred. He (Mr. Arnold) handed to the court the volume containing these

code sections, including Code section 2480. The court, in instructing the jury, read the code sections referred to by Mr. Arnold, including the entire section of 2480. This note is signed before the signing of the certificate of the bill of exceptions." We are not unmindful of the fact that after the certificate to the bill of exceptions is signed the trial court loses jurisdiction of the case, and that a supplemental certificate signed thereafter will not be considered by this court. But this is not what occurred in this case. The judge expressly stated that "this note is signed before the signing of the certificate of the bill of exceptions." The effect of this was the same as if this "note" had followed the third ground of the motion, and its effect is to qualify that ground of the motion; and this court is not required to consider that ground, because it is not unqualifiedly approved. However, under the rulings of the Supreme Court and of this court, this ground would not require a new trial. *Bart* v. *Scheider,* 39 *Ga. App.* 467 (*a, b*), 470 (147 S. E. 430), and cit.; *Alexander* v. *State,* 32 *Ga. App.* 488 (3) (123 S. E. 923); *Mills* v. *Pope,* 20 *Ga. App.* 820 (2) (93 S. E. 559); *McCommons-Thompson-Boswell Co.* v. *White,* 33 *Ga. App.* 20 (4) (125 S. E. 76); *Durham* v. *State,* 166 *Ga.* 562 (*b*) (144 S. E. 109); *Heard* v. *Tappan,* 121 *Ga.* 437 (2) (49 S. E. 292); *Southern Ry. Co.* v. *Reynolds,* 126 *Ga.* 657 (5) (55 S. E. 1039); *Conley* v. *Buck,* 100 *Ga.* 187 (3), 207 (28 S. E. 97). Under the foregoing rulings this charge, though inapplicable, was harmless, as there was no evidence that the "applicant has no knowledge, but states on the representation of others; bona fide, and so informs the insurer." In addition, in the note of the judge hereinbefore quoted, it appears that during the trial of the case counsel for the defendant "referred to several code sections as embodying the law applicable to his defense." Upon request of the judge, counsel for the defendant handed to him the volume of the code containing these sections, one of which was 2480, and inadvertently failed to call the attention of the court to the fact that it was the first sentence of said section only that he insisted on as being applicable to his defense. As no particular portion of the section was named by counsel as being applicable, the judge gave in charge the entire section. But for the inadvertence of counsel this alleged error would not have found its way into the charge. It is well settled in this State that a party can not obtain a reversal for an error which he has

himself induced. *Cæsar* v. *State,* 127 *Ga.* 710 (2), 714 (57 S. E. 66); *Quattlebaum* v. *State,* 119 *Ga.* 433 (2) (46 S. E. 677). See *Steinheimer* v. *Bridges,* 146 *Ga.* 214 (3) (91 S. E. 19).

In this case the jury, who are the final arbiters of the facts, decided in favor of the plaintiff. In passing on the facts, on a motion for a new trial, the judge of the trial court has some discretion, and where he has exercised that discretion this court is powerless to interfere. The 4th headnote in *Bunn* v. *Hargraves,* 3 *Ga. App.* 518 (60 S. E. 223), is as follows: "This court has no power to determine that the preponderence of the evidence is in favor of one party to a cause rather than the other, or to award a new trial in any case where there is any evidence sufficient to support the verdict rendered." There is evidence to support the verdict rendered.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*