## 51684. FLEMING v. THE STATE.

QUILLIAN, Judge.

The defendant appeals from her conviction of pointing a pistol at another (Criminal Code of Georgia § 26-2908; Code Ann. § 26-2908 (Ga. L. 1968, pp. 1249, 1325)).

1. The following charge is enumerated as error: ". . . where all the facts and circumstances of the case and all reasonable deductions therefrom present two theories of equal probability, one of innocence and one of guilt; there the jury should acquit."

In *Gravitt v. State,* 220 Ga. 781, 784 (141 SE2d 893), the trial judge had charged: "If from the evidence and the defendant's statement and all the reasonable deductions therefrom, the theory of innocence is not equally consistent and reasonable with the theory of guilt based on proved facts, the jury would be authorized to convict a defendant and the jury would not be compelled to acquit such defendant provided the jury believed beyond a reasonable doubt that the defendant is guilty as charged in the indictment upon which he is being tried." The Supreme Court reversed, holding in Headnote 3: "It was error to instruct the jury that if under the evidence and the defendant's statement the theory of innocence was not equally consistent and reasonable with the theory of guilt, they would be authorized to convict the defendant."

The defendant argues the charge here given can be construed to mean that the theories of guilt and innocence must be equal to authorize acquittal, thus violating the principle of *Gravitt.* We find such contention to be without merit.

First of all, a charge must be considered as a whole. See *State v. McNeill,* 234 Ga. 696 (217 SE2d 281). Moreover, the substantial contents of the charge here given have often been quoted as a principle of law. *Davis v. State,* 13 Ga. App. 142 (78 SE 866); *Patrick v. State,* 75 Ga. App. 687 (2) (44 SE2d 297); *Barnwell v. State,* 100 Ga. App. 285, 288 (111 SE2d 138); *Johnson v. State,* 230 Ga. 196, 201 (196 SE2d 385). The charge found in the Criminal Pattern Jury Instructions reads: "I charge you that where the facts in evidence and all reasonable

deductions therefrom, present two equal theories, one of guilt, and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence."

It is true that the charge may be more apt where only circumstantial evidence is involved. *Nolen v. State,* 124 Ga. App. 593 (184 SE2d 674). Nevertheless, the charge can only be considered as beneficial to the defendant. Compare *Nolen v. State,* 124 Ga. App. 593, supra; *Golson v. State,* 130 Ga. App. 577, 579 (203 SE2d 917); *Stonaker v. State,* 134 Ga. App. 123, 126 (213 SE2d 506), reversed on other grounds, 236 Ga. 1 (222 SE2d 354), where the various defendants assigned error on the failure to give such charge.

Without expressly approving the charge, it was not error for the reasons assigned.

2. The defendant's second and final enumeration of error was that: "The trial court's charge to the jury which commingled the general theories of justification with the exceptions thereto, was such as to confuse the jury and deprive the defendant of her defenses, where there was no evidence in support of the exception as charged."

The attorney for the defendant makes no reference to the record and for this reason we need not consider such enumeration. Rule 18 (c) (3) of the Rules of the Court of Appeals of the State of Georgia.

Nevertheless, if we assume that the reference is to the trial judge's recharge, no error is shown. Counsel for the defendant invoked the charge on the subject and will not now be heard to complain. *Metropolitan Life Ins. Co. v. Edwards,* 40 Ga. App. 439 (2) (150 SE 447); *Meyers v. State,* 169 Ga. 468 (3) (151 SE 34); *Highland v. State,* 127 Ga. App. 518, 519 (194 SE2d 332).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED FEBRUARY 6, 1976 — REHEARING DENIED MARCH 1, 1976 —

*Stan Durden,* for appellant.
*Ken Stula, Solicitor,* for appellee.