### 56700. FIELDS v. B & B PIPELINE COMPANY, INC. et al.

WEBB, Judge.

W. C. Fields granted a sewer easement to Clayton County Water Authority in June of 1976 which included a 50-foot construction easement across his property. Thereafter the Water Authority subcontracted the actual construction of the sewer to B & B Pipeline Company, which, in turn, subcontracted a portion of the sewer line work including that to be installed on Fields' property to Gause Construction Company. Contending that in October Gause damaged walnut trees on his property outside the construction easement, Fields sought injunctive relief in Clayton Superior Court against the Water Authority and Gause. On November 12 that court dismissed the suit against all defendants, holding that both B & B and Gause were independent contractors of the Water Authority and the Water Authority was therefore not responsible for any damage done by its subcontractors; and that Gause was a Cobb County business over which it had no jurisdiction or venue.

In October, 1977, Fields filed suit in Cobb County against Gause, B & B and the Water Authority to recover money damages on the grounds of trespass and breach of contract. B & B and the Water Authority moved for summary judgment on the ground that Gause was an independent contractor and not the servant of either B & B or the Water Authority, and that the Clayton County

judgment operated as res judicata to the allegations made in the Cobb County suit.[1] Fields appeals from the grant of summary judgment and we affirm.

While it would appear that the parties and issues were the same in both suits and the judgment in the prior suit specifically held that B & B was an independent contractor and not the servant of the Water Authority, "In order to determine if the requisites of the doctrine of res judicata have been met, the record of the prior case must be examined. 'Thus, if a prior case is to have a res judicata application, the record of the prior case must be introduced in evidence.' [Cits.]" *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90) (1978). The record from the prior case is not in evidence. However, the evidence in the instant case clearly demanded a finding that Gause was an independent contractor and not the agent or servant of either B & B or the Water Authority because it was conclusively established that no direction or control over the method, manner or means of the construction to be performed by Gause was exercised by B & B or the Water Authority. Code § 105-501; *Tect Const. Co. v. Frymyer,* 146 Ga. App. 300, 303 (2) (246 SE2d 334) (1978).

Language contained in the sewer easement to the effect that "grantee . . . shall exercise reasonable diligence in doing the necessary work in connection therewith so as to avoid damaging the property" does not mitigate otherwise under Code § 105-502 (3), as insisted by Fields. That section renders an employer liable for the negligence of a contractor when a wrongful act is the violation of a duty imposed by express contract upon the employer. However, " 'unless the parties stand in the relation of master and servant, the employer is not responsible for the damages occasioned by the negligent mode in which work is done.' [Cit.]" *Atlanta & F. R. Co. v. Kimberly,* 87 Ga. 161, 169 (13 SE 277) (1891). "Also, the cases which have construed the statutory exception in the Georgia Code above cited have emphasized the word 'express' and the necessity that such contractual

---

[1]Gause did not seek summary judgment and is not involved in this appeal.

obligation be placed upon the particular employer as opposed to any independent contractor . . . Since [the contractual] duty could be discharged in any effective manner, any act of the subcontractor in negligently [damaging Fields' walnut trees] would be a collateral tort for which the prime contractor would not be liable because this would not be a violation of an express contract obligation falling within the exception provided in the Georgia Code. See *Southern Mills, Inc. v. Newton,* 91 Ga. App. 738, 87 SE2d 109 (1955)." Horn v. C. L. Osborn Contracting Co., 423 FSupp. 801, 808 (M. D. Ga. 1976). Accordingly, liability cannot be assessed under this theory, and having pierced the allegations of the complaint summary judgment for defendants was proper as a matter of law. *Stratton & McLendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430 (231 SE2d 447) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 16, 1978 — DECIDED NOVEMBER 2, 1978.

*Arnold, Bray & Hislip, C. Crandle Bray, Martin L. Cowen, III,* for appellant.

*Henning, Chambers & Mabry, Walter B. McClelland,* for appellees.