### 34641. WITHROW TIMBER COMPANY, INC. v. BLACKBURN et al.

MARSHALL, Justice.
We granted certiorari in this case to determine what

burden is placed upon a party opposing a motion for summary judgment, in an action based on the doctrine of respondeat superior, where a party to the alleged employer-employee relationship moves for summary judgment, relying on affidavits unequivocally denying the existence of the agency relationship.

This is a wrongful-death action being prosecuted by the widows of Allen Fry and Ronald Blackburn, who were killed in a collision with a pulpwood truck driven by Melborn Reid. Reid was employed by Jackson, Lumpkin, Fulton and Stephens Company (JLF & S). At the time of the collision, Reid was hauling timber pursuant to an oral contract between JLF & S and Withrow Timber Company, Inc., under which JLF & S agreed to cut, remove, and haul timber from tracts of land owned by a third party from whom Withrow had purchased the timber. The trial court granted Withrow's motion for summary judgment on the question of whether JLF & S was an independent contractor of Withrow or an employee. " 'The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contra-distinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. [Cits.]' *Banks v. Ellijay Lumber Co.,* 59 Ga. App. 270, 272 (200 SE 480)." *Hampton v. McCord,* 141 Ga. App. 97, 98 (232 SE2d 582) (1977); *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255, 257 (243 SE2d 673) (1978). The trial court's ruling that JLF & S was an independent contractor would, of course, remove Withrow from the action, since Withrow could no longer be held liable under the doctrine of respondeat superior.

Under the trial court's view of the case, "[t]he facts, as illustrated by the pleadings, presented discovery, and especially the depositions, show a possibility of something more than just supervision toward promoting conformity to the contract." Citing *Sloan v. Hobbs Sporting Goods*

*Shop,* supra, and *Hampton v. McCord,* supra, as authority, the trial court nonetheless granted Withrow's motion for summary judgment. As held in *Sloan* and *Hampton,* the bare denial of the existence of an agency relationship, when made by a purported party to the relationship, is a statement of fact sufficient to support a motion for summary judgment in an action based on the doctrine of respondeat superior; under CPA § 56(e) (Code Ann. § 81A-156(e)), where the party denying the existence of the employer-employee relationship moves for summary judgment, and introduces evidence in support thereof, the adverse party may not rest on his pleadings or denials, but his response must set forth specific facts showing that there is a genuine issue for trial. Accord, *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977); *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668) (1978). The trial court ruled that, "The totality of plaintiff's opposition to the motion before this court exhibited only a mere possibility of a control situation. This falls short of the requirement of showing of 'specific facts.'"

On appeal, the Court of Appeals reversed, holding that summary judgment was inappropriate, since, as found by the trial court, the record showed a possibility that JLF & S was an employee of Withrow rather than an independent contractor. In support of its decision, the Court of Appeals cited *Cooper v. Lumbermen's Mut. Cas. Co.,* 179 Ga. 256, 261 (175 SE 577) (1931): "[T]he question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto."

We reverse the Court of Appeals, and hold that the trial court was correct in granting Withrow's motion for summary judgment.

In this case, Ralph Withrow, founder of Withrow Timber Company, and Lozell Stephens, Jr., a partner in JLF & S, gave uncontradicted testimony demanding a finding that JLF & S was an independent contractor and not an employee of Withrow.[1] The plaintiffs did not offer

---

[1] Withrow and Stephens gave depositions in which they testified as follows: JLF & S was engaged primarily

any evidence contradicting the testimony of Withrow and Stephens. Accordingly, the grant of summary judgment in favor of Withrow was proper. Summary judgment under Georgia law is a proceeding where one must present his case sufficiently to raise an issue of fact or risk judgment going against him. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974) and *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776, 779 (n. 1) (257 SE2d 186) (1979).

Our recent decision in *Allen Kane's Major Dodge, Inc. v. Barnes,* supra, sets forth the respective burdens placed on the parties in the summary-judgment stage of an action based on the doctrine of respondeat superior. There, we held that where the alleged employee and employer gave direct and positive testimony that at the time of the accident the employee was not acting within the scope of his employment, the plaintiff must show, in addition to the presumption that an employee driving an employer's automobile is acting within the scope of his

---

in the business of hauling timber, their principal customer being Withrow. Withrow would purchase standing timber from parties who owned the property on which the timber was located, and Withrow would then resell the timber and contract the cutting operations. Withrow's contracts with JLF & S were negotiated on a per-job basis, and JLF & S was paid so much per cord for timber hauled. Although Withrow would inspect the cutting operations to ensure that the right timber was being cut in accordance with the specifications of Withrow's contract to resell the timber, Withrow had no control over how JLF & S cut the timber or who JLF & S employed. Withrow did pay workers' compensation insurance on employees of JLF & S, and these payments by Withrow were deducted from what was owed to JLF & S. This would not, however, make JLF & S an employee of Withrow. *Hampton v. McCord,* 141 Ga. App. 97, 99-100, supra. Withrow supplied JLF & S a trailer to haul the timber; however, JLF & S was charged a rental for this trailer based on how many cords of timber were hauled. In addition, JLF & S had purchased other equipment from Withrow.

employment, some other fact indicating that the employee was acting within scope; if this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the defendant's evidence, or if consistent, it must demand a finding of fact on the issue in favor of the plaintiff. See *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga., supra, at p. 781. "'In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.'" *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562, supra, at p. 564.

The foregoing rules are equally applicable to the present case. Therefore, the Court of Appeals erred in holding that the question of whether JLF & S was an employee remained an issue of fact despite uncontradicted, direct evidence by JLF & S and Withrow to the contrary.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 9, 1979 — DECIDED OCTOBER 30, 1979.

*Lawrence, Rice & Lawrence, George D. Lawrence, Jr.,* for appellant.
*Erwin, Epting, Gibson & McLeod, Henry G. Garrard, III, Seaborn Ashley, Thomas A. Nash, Cathey & Strain, Dennis T. Cathey,* for appellees.