71932. DIETRICH v. TRUST COMPANY BANK OF AUGUSTA.
(346 SE2d 107)

BEASLEY, Judge.
This is an action against the bank for wrongful repossession of plaintiff's automobile. The bank defended primarily on the basis that Booth, who actually repossessed the automobile, was an independent contractor and not subject to the bank's control. The bank's motion for summary judgment predicated on the fact it was not responsible for Booth's actions was granted and plaintiff appealed.

In determining whether an employer-employee or independent contractor relationship existed, "the test to be applied . . . lies in whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract." *Zurich Gen. Accident &c. Ins. Co. v. Lee*, 36 Ga. App. 248 (1) (136 SE 173) (1920). OCGA §§ 51-2-4 and 5.

If one is employed generally to perform certain services it may be inferable that the employer retained the right to control the manner, method and means for performance of the contract. *Swift & Co. v. Alston*, 48 Ga. App. 649, 651 (173 SE 741) (1933). However, where there is a specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the right of control was not retained and an independent contractor relation existed. *Smith v. Poteet*, 127 Ga. App. 735, 737 (195 SE2d 213) (1972).

In considering the burden of proof on motion for summary judg-

ment in *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 551 (261 SE2d 361) (1979), the Supreme Court observed that the bare denial of the existence of the employer-employee relationship, "made by a purported party to the relationship, is a statement of fact sufficient to support a motion for summary judgment in an action based on the doctrine of respondeat superior." In such circumstances the adverse party may not rest on his pleadings but by response must set forth specific facts revealing a genuine issue for trial. Exhibiting the mere possibility of a control situation falls short of the "specific facts" required. *Blackburn*, supra. Accord *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 779 (257 SE2d 186) (1979).

This is exactly what transpired in the instant case. Booth's deposition stated that he was an independent contractor with relation to the bank and unequivocally denied the existence of an employer-employee relationship. Dietrich introduced no direct proof to contradict this. In such posture, the bare possibility that the Bank might have retained some control (raised only by the circumstances) was not sufficient to prevent summary judgment for the Bank. See *Brewer v. Southeastern Fidelity Ins. Co.*, 147 Ga. App. 562 (249 SE2d 668) (1978).

*Judgment affirmed. Benham, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JUNE 9, 1986.

*Jack E. Boone, Jr.*, for appellant.
*Neal W. Dickert*, for appellee.