76644. CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA v. DIXON.
(373 SE2d 849)

BEASLEY, Judge.

Defendant insurer appeals a judgment on an adverse jury verdict. Error is asserted on: failing to grant a mistrial upon the introduction of an out-of-court compromise offer; failing to direct a verdict because plaintiff did not take the proper steps to protect his property from further damage as required by the policy and the law; failing to prove by a preponderance of evidence the actual damages suffered; submitting to the jury the question of bad faith; failing to direct a verdict for defendant insurer because the loss resulted from defective manufacture and did not fall within the terms of the policy.

1. Since the last ground could control the whole case, we consider it first. Plaintiff sought to recover under his casualty insurance policy with defendant for exterior and interior damage to his mobile home allegedly resulting from a severe wind and rain storm. Defendant contends that the evidence established that defective manufacture of the home was the sole cause of its damage.

The policy provided insurance for "direct, sudden and accidental loss" to the covered property. It expressly excluded "[d]efective manufacture or materials . . . [r]ain, snow or sleet leaking into the mobile home . . . whether wind driven or not, unless the leaking is caused by a covered peril."

Plaintiff's evidence was that during a storm on May 7, 1986, a high wind blew half of the roof up and peeled it back over the other part. Defendant sent an adjuster the next day. The following day plaintiff, who was unable to perform the work, got his brother to reposition the damaged portion of the roof and nail it down. There was no significant damage to the interior at this time. On June 22, defendant's expert examined the roof and pronounced that the damage did not occur because of excessive wind or windstorm. Defendant denied the claim and plaintiff questioned the finding and demanded payment.

On August 1, another storm again dislodged the roof. This time because the rain continued, plaintiff was unable to repair the roof for almost a week and there was damage to the interior. After the adjuster's visit, plaintiff was notified that the policy was canceled. Following the first incident, defendant had employed a contractor to estimate the damage to the mobile home exclusive of damage to the roof itself and had arrived at a figure of over $7,000. Plaintiff now engaged

the same contractor who estimated that it would cost $3,600 to repair the roof and interior damaged by water. In May 1987 defendant's expert on windstorm damage again gave his opinion that the entire loss was the result of a manufacturing defect and that none of it could have resulted from wind.

Back in 1985, plaintiff had filed a claim for water damage which had been abandoned because defendant demonstrated that it resulted solely from a leak and not a sudden and accidental loss. The home had a history of leaking, but plaintiff disavowed that he was seeking recovery for any damages prior to those occasioned by the 1986 incidents for which he filed suit. Besides $3,600 for actual damages under the policy, plaintiff sought attorney fees and bad faith penalties under OCGA § 33-4-6. The verdict was $3,600 plus $2,400 for penalties and attorney fees.

Both as to a motion for directed verdict and motion for new trial based on the general grounds the proper standard on appellate review is the "any evidence" test. *Southern R. v. Lawson,* 256 Ga. 798 (353 SE2d 491) (1987); *Burnet v. Bazemore,* 122 Ga. App. 73 (176 SE2d 184) (1970). The direction of a verdict is proper only where there is no conflict in the evidence as to any material fact and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. *Curl v. First Fed. &c. Assn.,* 243 Ga. 842 (257 SE2d 264) (1979). The court construes the evidence most favorably towards the party opposing the motion for directed verdict or new trial. *Skelton v. Skelton,* 251 Ga. 631 (308 SE2d 838) (1983); *Branch v. Anderson,* 47 Ga. App. 858 (171 SE 771) (1933).

Because of the past history of water leakage and defendant's expert testimony, the evidence was in sharp conflict as to the cause of the damage. Nevertheless, plaintiff produced some evidence that the cause was a sudden and violent storm. Thus, the evidence did not demand a finding as a matter of law that the sole cause was a defect in the mobile home itself. Both motions, then, were properly denied.

2. Defendant's enumeration of error three states that plaintiff failed to prove actual damages suffered as a result of windstorm by a preponderance of evidence. This court lacks the discretion of the trial court to grant a new trial based upon that ground. *Jones v. Fieldcrest Mills,* 162 Ga. App. 848, 849 (2) (292 SE2d 523) (1982), and cases cited; *Bunn v. Hargraves,* 3 Ga. App. 518 (4) (60 SE 223) (1908). Nor may we consider any additional issue not raised in the enumerations of error but first asserted in the brief and argument of counsel. *Frink v. State,* 177 Ga. App. 604, 608 (5) (340 SE2d 631) (1986); *MacDonald v. MacDonald,* 156 Ga. App. 565, 566 (1a) (275 SE2d 142) (1980) [originally a physical precedent only but cited with approval in numerous cases]. No issue is raised for our determination.

3. The second enumeration of error complains that a verdict was

demanded in defendant's favor because plaintiff failed to take the proper steps, required by OCGA § 13-6-5 and the terms of the policy, to protect his property from additional damage. Since defendant asserted from the beginning that it had no liability under the terms of the policy, it is hard pressed to complain that plaintiff failed to comply with the requirement to protect the property from further harm. Nevertheless, the question is whether the evidence as a whole gives a basis for reversal because plaintiff failed to lessen his damages.

"It is undoubtedly true that where by a breach of contract one is injured, he is bound to lessen the damages so far as is practicable, by the use of ordinary care and diligence . . . . This rule is applicable only where the damage can be lessened by reasonable efforts and expense." *Reid v. Whisenant*, 161 Ga. 503, 509 (2) (131 SE 904) (1925). This is a question for the jury. *Nicholas v. Tanner*, 117 Ga. 223, 226 (43 SE 489) (1902). That case further explained: " 'It is frequently said that it is the *duty* of the plaintiff to reduce the damages as far as possible. It is more correct to say that by consequences which the plaintiff, acting as prudent men ordinarily do, can avoid, he is not legally damaged.' " (Emphasis in original.) Id. at 228.

" 'The burden is upon the party asserting that the opposite party could have lessened his damages, and such proof must include sufficient data to allow the jury to reasonably estimate how much the damages could have been mitigated.' " *Nat. Health Svcs. v. Townsend*, 130 Ga. App. 700, 703 (3) (204 SE2d 299) (1974). Defendant did not show as a matter of law, so as to preclude recovery altogether or of a particular amount, that plaintiff failed to mitigate his damages or to what extent he failed. *Considine Co. v. Turner Communications Corp.*, 155 Ga. App. 911, 913 (3) (273 SE2d 652) (1980).

4. The first enumeration asserts error in the failure to grant a mistrial because of the plaintiff's and his counsel's statements, in the jury's presence, as to an out-of-court compromise offer in violation of OCGA § 24-3-37.

"The rule against allowing evidence of compromises is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom in spite of anything said by the parties at the time of discussing the compromise, and in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence." *Ga. R. & Elec. Co. v. Wallace & Co.*, 122 Ga. 547, 551 (50 SE 478) (1905): *Newton Bros. v. Shank*, 240 Ga. 471, 472 (241 SE2d 231) (1978). The code section was created "to encourage settlements by letting a party which makes an admission or proposition with a view toward compromise rest assured that its good-faith settlement attempt will not later be used against it in court." *Benn v. McBride*, 140 Ga. App. 698, 701 (6) (231 SE2d 438) (1976).

If indeed there was the admission of evidence regarding an offer to compromise, rather than an offer to settle (see and compare *Pacific Nat. Fire Ins. Co. v. Beavers*, 87 Ga. App. 294 (73 SE2d 765) (1952), *Campbell v. Mutual Svc. Corp.*, 152 Ga. App. 493 (2) (263 SE2d 202) (1979), and *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497 (1) (300 SE2d 328) (1983)), then error might have resulted.

In the opening statement to the jury, plaintiff's counsel referred to defendant's adjuster who arrived at the scene shortly after the incident and stated: "He looked at it and told [plaintiff] he would pay him $500." At this point defense counsel interposed an objection and moved for a mistrial. After argument, the trial court sustained the objection, reproved plaintiff's counsel by ruling that it was improper to bring in an offer of compromise and overruled the motion for mistrial.

Later during the trial, plaintiff testified that when the adjuster came to the scene, "we inspected it together. He offered $500." Defense counsel objected and the trial court informed plaintiff he should not have responded "in that regard," admonished him not to mention that again in his testimony and instructed the jury to disregard the evidence, not to consider it or give it "any weight or credibility whatsoever" and "to disabuse your mind completely from it." No motion for mistrial was made.

In view of the prompt corrective action by emphatic rejection and rebuke and considering the context and the absence of a motion, as well as the nature of what was said the law did not require a grant of mistrial, which is ordinarily within the discretion of the trial court. *Royal Crown Bottling Co. v. Bell*, 100 Ga. App. 438, 443 (6) (111 SE2d 734) (1959).

5. Defendant correctly contends that the issue of bad faith was improperly submitted to the jury.

To support a cause of action under OCGA § 33-4-6, the insured bears the burden of proving that the refusal to pay the claim was made in bad faith. *Interstate Life &c. Ins. Co. v. Williamson*, 220 Ga. 323, 324 (2) (138 SE2d 668) (1964); *Royal Ins. Co. v. Cohen*, 105 Ga. App. 746, 747 (125 SE2d 709) (1962). "A defence going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action." *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751, 765 (4) (12 SE 18) (1890); *Interstate Life &c. Ins. Co. v. Williamson*, 110 Ga. App. 557, 559 (1) (139 SE2d 429) (1964). "Penalties for bad faith are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155, 158 (1) (308 SE2d 382) (1983).

"The proper rule is that the judgment should be affirmed if there

is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265 (1) (253 SE2d 745) (1979). In this case, as a matter of law, there was a reasonable issue of fact concerning whether the damages resulted from an insured event, despite the jury's rejection of the defense theory. *Colonial Life &c. Ins. Co. v. Donaldson*, 172 Ga. App. 211, 212 (1) (322 SE2d 510) (1984). The amount granted for penalties and attorney fees is not sustainable.

The judgment below is affirmed on the condition that upon receipt of this court's remittitur in the trial court, the amount for penalties and attorney fees is written off; otherwise the judgment is reversed.

*Judgment affirmed on condition. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 4, 1988.

*J. Franklin Edenfield*, for appellant.
*Joe W. Rowland*, for appellee.