A89A0459. BOWEN v. THE STATE.
(382 SE2d 694)

POPE, Judge.

The record shows that on three separate occasions before the jury was impanelled in defendant's trial for armed robbery, the court conducted proceedings to determine whether defendant wished to change his plea from not guilty to guilty. The first occasion concluded when defendant responded to the trial judge: "Start a trial." On the second occasion, the defendant stood mute to the judge's question as to how he wished to plead. Only after the judge instructed the clerk to bring in two jury panels for voir dire did the defendant respond: "Guilty." Voir dire proceedings commenced after the judge instructed the defendant: "[W]e are not going to be playing games here." On the third occasion, defendant indicated he wished to plead guilty but was reluctant to accept the terms negotiated by his attorney and the prosecuting attorney. He also denied he was in fact guilty of the offense but stated he wished to avoid a jury trial out of fear that his prior criminal record would be revealed to the jury. Generally, a trial court is not required to accept a criminal defendant's plea of guilty. See *Echols v. State,* 167 Ga. App. 307 (1) (306 SE2d 324) (1983) and cases cited therein. Because the record reveals defendant's ambivalence concerning his plea, we find the trial court did not abuse its discretion in refusing to accept defendant's guilty plea.

Although defendant's sole enumeration of error is that the trial court erred in refusing to accept defendant's guilty plea, in defendant's brief he also argues the conduct of his trial counsel during the plea hearings shows he was denied effective assistance of counsel and further argues the trial court erred in imposing a greater sentence on the jury's verdict of guilty than would have been imposed if the guilty plea had been accepted. "It is the basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal. *Hibbert v. State,* 146 Ga. App. 887 (3) (247 SE2d 554) [1978]. And, enumerations of error cannot be enlarged by means of statements in the brief of counsel to include issues not made in the enumeration. *Key v. State,* 147 Ga. App. 800 (2) (250 SE2d 527) [1978]." *Anfield v. State,* 188 Ga. App. 345, 346 (373 SE2d 51) (1988).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 22, 1989 —
REHEARING DENIED JUNE 2, 1989.

*Charles M. Taylor II*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.