### A90A0227. DENNIS v. MALT et al.
(395 SE2d 894)

POPE, Judge.

Plaintiff Dennis appeals the grant of summary judgment to contractor Excalibur Store Fixtures, Inc., and its vice-president and employee, Malt, in this suit for on-the-job injuries sustained by Dennis while a stockroom employee at Macy's (formerly Davison's). Dennis

was in the stockroom stacking dish sets when a second story wood deck under him collapsed, causing him to fall to the floor below. He sued Excalibur and Malt alleging that their negligent construction, modification, renovation, refurbishing or supplying of defective materials as to the stockroom floor proximately caused his injuries.

Malt's affidavit, in support of defendants' motion for summary judgment, was uncontroverted below and established the following. In June 1984, Excalibur contracted with Davison's for the manufacture of stockroom shelving and other on-site stockroom construction work at one store site. The terms identified and established the specifications for the shelving and other construction work, including materials, workmanship, dimensions and layout.

The contract provided that Excalibur would manufacture the free-standing stockroom shelving at its New Hampshire plant and install it at the store. The on-site construction was to be performed in two stages. For the first phase, which included installation, Excalibur was authorized to subcontract the work to a local company, T & J Installers, Inc. The second phase was to be performed by Davison's or another company of its choosing.

Excalibur did not perform any on-site construction, install any shelving, or construct the wood deck or floor. T & J did. No employees of Excalibur were at the store during the on-site construction or participated in it. Excalibur did not direct, control, supervise and/or inspect any on-site construction, including the flooring. To the best of Malt's knowledge, no Excalibur employee had ever been to the store site.

When T & J was finished, the work was inspected and accepted by the store. Excalibur did not inspect or approve T & J's work or work performed by any other subcontractor. No Excalibur employee participated in the final inspection or approval of the final construction work. Excalibur did not control or direct the time, manner or method in which T & J or any other subcontractor performed the on-site construction work beyond informing T & J of the starting and completion dates set by Davison's. T & J was and performed as an independent contractor, free of any control and/or direction by Excalibur in the actual performance of the work. T & J employees were not under Excalibur's supervision, control, or direction.

Malt did not perform, direct, control, supervise or inspect any on-site construction work including that of the wood deck. He did not direct or control the time, manner or method of any such work including that performed by T & J or any other involved subcontractor beyond informing T & J of the starting and completion dates as set by Davison's. Malt had never been to the store nor seen or touched the subject wood deck. Malt's only involvement was in his capacity as an Excalibur employee, and he did not personally or independent of

his employment contract agree regarding any work done at the store, including construction of the wood deck.

The entire sum paid by Davison's to Excalibur for phase one of the on-site construction work was then paid in full by Excalibur to T & J. Malt did not receive any portion of the sum paid by Davison's to Excalibur for on-site construction work.

1. In his sole enumeration of error, appellant Dennis contends that the trial court erred in concluding that T & J was an independent contractor so that defendants were not responsible for T & J's conduct.

"In determining whether an employer-employee or independent contractor relationship existed, 'the test to be applied . . . lies in whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract.' *Zurich Gen. Accident &c. Ins. Co. v. Lee*, 36 Ga. App. 248 (1) (136 SE 173) [1926]. OCGA §§ 51-2-4 and 5.

"If one is employed generally to perform certain services it may be inferable that the employer retained the right to control the manner, method and means for performance of the contract. *Swift & Co. v. Alston*, 48 Ga. App. 649, 651 (173 SE 741) (1933). However, where there is a specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the right of control was not retained and an independent contractor relation existed. *Smith v. Poteet*, 127 Ga. App. 735, 737 (195 SE2d 213) (1972)." *Dietrich v. Trust Co. Bank of Augusta*, 179 Ga. App. 330 (346 SE2d 107) (1986) (non-precedential).

The record on appeal contains no evidence of the contract between Excalibur and T & J, so their relationship must be ascertained from the circumstances of the on-site construction and the contract between Davison's and Excalibur. See *Farmer v. Ryder Truck Lines*, 245 Ga. 734, 738 (266 SE2d 922) (1980).

The undisputed evidence showed that Excalibur did not assume the right to control the time and manner of T & J's work. Nor did the contractual provisions give Excalibur any express and specific right of control. The contract was for certain and limited work according to specifications, which raised an inference that the subcontractor did not become an employee of the general contractor but was an independent contractor. *Dietrich*, supra. This inference stood unrebutted.

2. Although not enumerated as error, appellant in his brief argues that defendants were liable for the subcontractor's negligence under OCGA § 51-2-5 (3), which imposes liability if the alleged wrongful act violates a duty imposed by express contract upon the employer. An appellant may not expand an enumeration of error by argument in brief. *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989); *Ailion*

*v. Wade*, 190 Ga. App. 151, 154 (3) (378 SE2d 507) (1989); *Central Nat. Ins. Co. of Omaha v. Dixon*, 188 Ga. App. 680, 681 (2) (373 SE2d 849) (1988). See also *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142) (1980), for an explanation of the enumerations of error rule.

We note, however, that appellant has failed to point out a contract provision which would cast such potential liability on defendants. He focuses on the general provision that consent or approval of the subcontracting would not release or relieve the general contractor from the obligations and liabilities it assumed. Appellant has failed to demonstrate an alleged violation of an express contractual obligation which would fall within the statutory exception. See *Fields v. B & B Pipeline Co.*, 147 Ga. App. 875, 876-877 (250 SE2d 582) (1978).

3. Likewise, in argument in brief, appellant asserts that OCGA § 51-2-5 (3) governs because defendants improperly ordered three-quarter inch flooring for the stockroom area in which he was injured rather than the seven-eighths inch flooring contractually required. The document of record cited by appellant in support of this assertion is merely a letter from Excalibur to Davison's which indicates that the *shelving*, not the flooring, was to be constructed of seven-eighths inch thick solid edge glued pine.

4. Again, appellant improperly attempts to expand in brief his enumerated error by arguing that Malt's affidavit was insufficient to sustain the grant of summary judgment for defendants because it was merely conclusory, especially as to the non-existence of an agency or employer-employee relationship between defendants and the subcontractor. This assertion is meritless. A denial of the existence of an agency relationship may constitute an uncontradicted fact which will sustain a motion for summary judgment. *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 792 (2) (a) (359 SE2d 920) (1987). Likewise, the bare denial of the particular agency relationship of employer-employee, "made by a purported party to the relationship, is a statement of fact sufficient to support a motion for summary judgment in an action based on the doctrine of respondeat superior." *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 551 (261 SE2d 361) (1979). In such circumstances the adverse party may not rest on his pleadings but by response must set forth specific facts revealing a genuine issue for trial. Exhibiting the mere possibility of a control situation falls short of the "specific facts" required. *Withrow*, supra. Accord *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 779 (257 SE2d 186) (1979).

5. Lastly appellant, again in argument only, asserts that the determination of a master-servant relationship is a matter to be resolved by a jury. While such issue is generally a question of fact to be decided by a jury, a case may present a factual situation wherein the

issue of the existence or non-existence of the master-servant relationship is properly decided as a matter of law. See *Lawson Prods. v. Rousey*, 132 Ga. App. 726, 728 (1) (209 SE2d 125) (1974). This is such a case.

The evidence on summary judgment demanded a finding that T & J functioned as an independent contractor.

*Judgment affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Beasley, J., concurs in part and dissents in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I fully concur in the opinion as far at it goes. But one step yet needs to be taken to complete the journey in this court.

Appellant had no reasonable basis for anticipating reversal of the trial court. The appeal's weightlessness is illustrated in part by the deficiencies in the enumerations of error, which made discussion of the issues unnecessary in Divisions 2 through 5. It is a frivolous appeal, wasteful of the court's and the appellees' resources. Therefore, the trial court should be directed to enter judgment for a $500 penalty against appellant and in favor of appellees upon the return of the remittitur. Court of Appeals Rule 26 (b).

DECIDED JULY 9, 1990.

*L. Paul Cobb, Jr.*, for appellant.

*Fain, Major & Wiley, Gene A. Major, Bruce A. Maxwell*, for appellees.