A92A1625. McDANIEL et al. v. PETERBOROUGH CABLEVISION, LTD.
(425 SE2d 424)

ANDREWS, Judge.

Appellants sued Peterborough Cablevision, Ltd. (PC) and others to recover damages for the death of Granger Rodgers, who was killed when his automobile collided with a car driven by David Gosling. Appellants alleged that, at the time of the accident, Gosling was acting within the scope of an employer-employee relationship with PC, and that PC is liable under the theory of respondeat superior for Gosling's negligence in causing the accident and resulting death. PC, a foreign corporation organized under the laws of England, moved for dismissal of the complaint on the basis that the court lacked jurisdiction over the corporation. In part, PC argued that it was not subject to jurisdiction as a non-resident under OCGA § 9-10-91 (2) on the basis of committing a tort within the state because: (1) Gosling was hired as an independent contractor, and not as an employee of PC, and (2) even if the court concluded Gosling was an employee of PC, he was not acting within the scope of that employment at the time of the accident. The trial court's order on the motion to dismiss reflects that at a hearing the court considered affidavits submitted by PC in support of its motion, and with the consent of the parties, treated the motion as one for summary judgment. Subsequent to the hearing, the trial court granted summary judgment in favor of PC, concluding that, at the time of the accident, Gosling was engaged in personal entertain-

ment rather than activities within the scope of PC's business. The appellants' sole enumeration of error is that the trial court erred in granting summary judgment because a question of fact exists as to whether Gosling was acting within the scope of employment with PC.[1]

The record reflects that Gosling, a citizen of England, was in the United States to observe the cable company operations of Premier Cable Communications (Premier) for PC. On the evening of March 2, 1990, Gosling left the Premier offices and drove to Atlanta with a Premier employee to watch a professional basketball game. After the game, Gosling rented a car in his name using his own money, and went with the Premier employee to two restaurants. After leaving the second restaurant driving the rented car, Gosling was involved in the automobile accident at issue. In support of its motion, PC presented the affidavits of Keith Davis, the managing director of PC, and Gosling, who both stated that Gosling was hired by PC, not as an employee, but as an independent contractor consultant, to travel to the United States to observe the operations of Premier. The affidavits state that Gosling was compensated a fixed amount monthly; that he received no health insurance benefits from PC, nor did PC pay any taxes on his behalf; that Gosling paid for the rented car with his own money, and sought no reimbursement from PC; that PC had no authority to control the manner, time or means of Gosling's consultant work, nor did PC ever assume such control. Gosling's deposition testimony also supports the facts related in the affidavits.

Generally, an employer is not responsible under the theory of respondeat superior for the torts of one employed as an independent contractor.[2] *St. Paul Cos. v. Capitol Office Supply Co.*, 158 Ga. App. 748 (282 SE2d 205) (1981). An employer-employee relationship exists when the employment agreement gives, or the employer assumes, the right to control the time and manner of executing the work. In an employer-independent contractor relationship, the employer has the right merely to require results in conformity with the employment agreement, and the independent contractor retains the right to perform the work by his own means, method and manner. *Dennis v. Malt*, 196 Ga. App. 263, 265 (395 SE2d 894) (1990).

PC has set forth specific facts showing that Gosling was employed as an independent contractor, and denying the existence of

---

[1] " 'A respondent to a motion to dismiss is entitled to notice of conversion of the motion into one for summary judgment and to thirty days to respond to the motion for summary judgment unless such notice and opportunity are waived.' *Peppers v. Elder*, 248 Ga. 136 (281 SE2d 582) (1981)." *Bonner v. Fox*, 204 Ga. App. 666, 667 (420 SE2d 312) (1992). The trial court's order reflects such an apparent waiver, and appellants do not claim as error that they were denied notice and opportunity to be heard under OCGA § 9-11-56.

[2] Under specified circumstances not applicable in the present case, an employer is liable for the negligence of an independent contractor. OCGA § 51-2-5.

any employer-employee relationship upon which liability could be imputed to PC on the basis of respondeat superior. "A denial of the existence of an agency relationship may constitute an uncontradicted fact which will sustain a motion for summary judgment. Likewise, the bare denial of the particular agency relationship of employer-employee, made by a purported party to the relationship, is a statement of fact sufficient to support a motion for summary judgment in an action based on the doctrine of respondeat superior. In such circumstances the adverse party may not rest on his pleadings, but by response must set forth specific facts revealing a genuine issue for trial. Exhibiting the mere possibility of a control situation falls short of the specific facts required." (Citations and punctuation omitted.) Id. at 266; *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 551-553 (261 SE2d 361) (1979); *Dunlap v. First Rock Credit Corp.*, 194 Ga. App. 563, 565 (390 SE2d 919) (1990); *Hill-Everett v. Jones*, 197 Ga. App. 872, 873 (399 SE2d 739) (1990). The evidence presented by PC pierced appellants' allegations that PC was liable for Gosling's negligence on the basis of an employer-employee relationship, and appellants failed to come forward with evidence sufficient to show a genuine issue for trial. Although it appears the trial court may have granted summary judgment to PC on another basis, a judgment right for any reason will be affirmed. *Spiezio v. American Gen. Finance*, 204 Ga. App. 350, 352 (419 SE2d 149) (1992).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 23, 1992.

*Williams & Henry, Benjamin S. Williams, Harvey R. Spiegel, Howard Beer*, for appellants.

*Troutman, Sanders, Lockerman & Ashmore, William N. Withrow, Jr., A. William Loeffler, Irwin, Bladen, Baker & Russell, Thurbert E. Baker*, for appellee.