## A94A2830. FLANDERS v. THE STATE.
(456 SE2d 604)

RUFFIN, Judge.

Everett Flanders was convicted of theft by conversion and appeals from the judgment of conviction and sentence.

The evidence showed that in furtherance of their plans to begin a crop-dusting business, the victim gave Flanders $16,000 to purchase an airplane in the victim's name in California and return to Emanuel County, Georgia. Instead, at Flanders' direction, a pilot flew the plane to Butler, Georgia, where Flanders sold it for $22,000. The proceeds of the sale were not given to the victim.

1. Flanders enumerates as error the denial of his motion in limine to exclude evidence of his alleged involvement in other criminal activity in Jenkins County. He contends his character was impermissibly placed in issue by the victim's testimony in which she explained her purpose in going into business with him. The victim testified, "He was in need of an attorney, he was accused of something, and I knew he needed a criminal attorney, which I thought was kind of expensive, we did, and we talked about it, and I agreed to help him. . . ."

Although the victim made a tangential reference to Flanders' prior difficulty with the law, the testimony "did not rise to 'the level of prejudice that would demand a mistrial.'" *Hillman v. State*, 184 Ga. App. 712, 714 (3) (362 SE2d 417) (1987). Nor do we find "from the context of the comment that it was made with the intention of prejudicing the jury against appellant." *Martin v. State*, 193 Ga. App. 581, 584 (2) (388 SE2d 420) (1989). Thus, this enumeration is without merit.

2. Flanders next contends the court erred in admitting a personal check into evidence without proper authentication. The record shows that prior to its admission, the victim identified the check which had been made out for $15,000 to the person from whom Flanders purchased the airplane as the check she signed and gave to Flanders to purchase the plane with specific instructions that he not make out the check for more than $15,000. She also testified that the handwriting on the check, other than her own signature, was Flanders' handwriting. Flanders contends the check was not properly authenticated without evidence demonstrating the basis for the victim's conclusion that the handwriting was his.

"Proof of handwriting may be resorted to in the absence of direct evidence of execution. In such case, any witness who shall swear that he knows or would recognize the handwriting shall be competent to testify as to his belief. The source of his knowledge shall be a question for investigation and shall go entirely to the credit and weight of his evidence." OCGA § 24-7-6. The victim's identification of the check as the check which she gave to Flanders and her acknowledgment of her signature were sufficient foundation for the admission of the check. Thereafter, the victim's identification of Flanders' handwriting was a matter entirely for the jury. Accordingly, we find no error in the admission of the check. Furthermore, under cross-examination, Flanders admitted that he made out the check.

3. In his third and fourth enumerations of error, Flanders contends the court erred in admitting into evidence a photograph of the subject airplane and a postcard stamped and postmarked in Canada which the victim received from Flanders six months after she gave him the check to buy the plane. Flanders objected to both items on the ground of relevance.

"[A]dmission of evidence is within the sound discretion of the trial court and appellate courts will not interfere absent abuse of that discretion. Evidence having a tendency to establish facts in issue is relevant and admissible, and no matter how slight the probative value, our law favors admission of relevant evidence. [Cit.]" *Mantooth v. State*, 197 Ga. App. 797, 800 (5) (399 SE2d 505) (1990).

The evidence showed that the check the victim gave Flanders on May 10, 1991 to purchase the plane was dated May 17, 1991, and

cleared the bank on May 24, 1991. From May until September 1991, Flanders repeatedly told the victim he was going to California to get the plane. In fact, the victim financed two of his purported trips back to California to retrieve the plane, but the plane was never returned to Emanuel County. Flanders would call the victim periodically during this period and report excuses for his inability to transport the plane to Georgia. However, other testimony revealed that in July, the plane was actually flown first to LaGrange, Georgia, where it was met by Flanders. Flanders then instructed the pilot to fly on to Butler, Georgia, where the buyer eventually accepted delivery on July 18, 1991. After Flanders' last call in September, in which he still claimed he was going to California to get the plane, the victim did not hear from him again until she received the subject postcard from Canada in November. Flanders testified that he was never actually in Canada but that he had his friends mail the postcard to the victim because he was hiding from her and to "get her off [his] back." Shortly thereafter, she discovered the whereabouts of the plane and traveled to Butler where she took the subject photograph. The plane in the photograph was identified by the buyer from Butler as the plane he purchased, and the Federal Aviation Administration number on the plane corresponded with the number written on the victim's check when the plane was initially bought in California. Since the photograph and the postcard constituted evidence of Flanders' conversion of the victim's property and his fraudulent intent, respectively, both elements of the offense of theft by conversion, we find no abuse of discretion in their admittance. See OCGA § 16-8-4.

4. Flanders contends the court erred in denying his motion for directed verdict based on the State's failure to prove venue. He contends that if any offense was committed, it occurred outside Emanuel County in Butler, Georgia, where the airplane was sold. We disagree.

"[V]enue in a case such as now before us may be laid in the county where the property was entrusted, although the physical conversion of it was in another county, where the facts of the case authorized the jury to find that the intent to convert the money was formed in the county where the property was entrusted. . . . [T]he evidence authorized the jury to infer that [Flanders] intended, at the time he received the money, not to buy the [plane] for which purpose the money was entrusted to him, but to convert the money to his own use. [Cits.]" *Price v. State*, 76 Ga. App. 283, 287 (2) (45 SE2d 462) (1947). Both the victim and Flanders testified that the check was given to Flanders in Emanuel County; therefore, proper venue was established.

5. Flanders enumerates as error the trial court's failure "to exercise discretion in ruling on the admissibility of evidence, instead allowing the jury to do so." In his appellate brief, Flanders indicates

that the alleged error involved the admission of the check, postcard and photograph discussed above. However, instead of citing that portion of the record in which these items were admitted and discussing the alleged error, Flanders cites a different portion of the record in which the trial court set forth its findings on the sufficiency of the evidence prior to denying Flanders' motion for directed verdict. Flanders then cites authority which purportedly stands for the proposition that the trial court abused its discretion in letting the jury "pass on whether or not there's been proof." However, that authority is inapplicable to the exercise of the court's discretion in either the admission of evidence in the context of this case or the consideration of a motion for directed verdict.

Since Flanders failed to support the enumeration with argument, citation of authority or proper reference to the record, it is deemed abandoned. Court of Appeals Rule 15 (c) (2). Moreover, we cannot consider the question of the court's abuse of discretion in denying Flanders' motion for directed verdict because basic appellate practice dictates " 'that error argued in the brief but not enumerated as error will not be considered on appeal. [Cit.] And, enumerations of error cannot be enlarged by means of statements in the brief of counsel to include issues not made in the enumeration. [Cit.]' [Cit.]" *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989).

6. Finally, Flanders contends that he was denied effective assistance of counsel at trial.

The record shows that a new attorney filed a timely motion for new trial on Flanders' behalf but did not raise the issue of effective assistance of trial counsel. On appeal to this court Flanders asserts, for the first time, that trial counsel was ineffective. Since the issue was not raised in the motion for new trial "so that the challenge [could] be heard at the earliest practicable moment, i.e., during the hearing on the . . . motion [for new trial]," it is deemed waived. *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 —

*Lovett Bennett, Jr.,* for appellant.
*Richard A. Malone, District Attorney,* for appellee.